UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEGACY GROUP OF AMERICA, INC. and
SAMUEL M. ZIEGEL,

                Plaintiffs,                **MEMORANDUM and ORDER**

     — against —                         03-CV-4033 (SLT)(ETB)

NORTH AMERICAN COMPANY FOR LIFE
AND HEALTH INSURANCE,

                Defendant.
------------------------------------------------------------X
**TOWNES, United States District Judge:**

       Plaintiffs, Legacy Group of America, Inc. and Samuel Ziegel, ("Plaintiffs"), commenced this action on August 18, 2003 against defendant North American Company for Life and Health Insurance ("North American" or "Defendant") for breach of certain contracts that designated Plaintiffs as life and health insurance brokers and entitled them to receive commissions regarding the insurance policies they originated. On September 27, 2006, this Court granted Defendant's motion for summary judgment, dismissing Plaintiffs' action, and awarded judgment to Defendant on October 2, 2006. On October 23, 2006, Plaintiffs appealed this Court's decision and the judgment in Defendant's favor. On February 5, 2008, the Second Circuit Court of Appeals issued a mandate, notifying the Court that Plaintiffs' appeal had been withdrawn without prejudice.

       Now before the Court is Defendant's motion for an award of attorneys' fees and expenses. For the reasons set forth below, Defendant's motion is granted, and Defendant is awarded attorneys' fees in the amount of $55,106.50 and expenses in the amount of $6,808.85, totaling $61,915.35.

**DISCUSSION**

1

Unlike numerous cases in which a party has sought attorneys' fees pursuant to a fee-shifting statute, this is a diversity case in which Defendant has asserted a counterclaim contending that it and Ziegel contractually agreed that Defendant is entitled to collect fees and costs if he does not prevail in a lawsuit between the parties to the contract.[1] In its counterclaim, Defendant alleges that the contract between Ziegel and Defendant contained the following provision: "You [Ziegel] agree to pay our [NACOLAH] costs and legal expenses if you are not the prevailing party in any lawsuit between you and us." Affirmation of Richard J. Cohen, Esq. dated October 11, 2006 ("Cohen Aff.") ¶ 4, Exh. A. Ziegel did not respond to this counterclaim, and has not disputed the existence of this provision in the parties' contract; therefore the Court must treat his silence as a concession of this fact. Fed. R. Civ. P. 7(a) and 8(d).

Although Ziegel does not dispute its contractual obligation to Defendant, he argues that Defendant's motion for attorneys' fees should be denied for two reasons. First, Ziegel argues that Defendant cannot recover its fees or costs because the affirmation submitted by its counsel seeks to recover fees and expenses paid by a subsidiary of North American rather than the party to this lawsuit.[2] This distinction is without merit since it is clear that both entities were involved in the transactions giving rise to Plaintiffs' action because both entities are identified in the complaint and described in such a manner that the subsidiary's acts are imputed to the parent.

---

[1] For unexplained reasons, Defendant's counterclaim only references a contract with ziegel, not Legacy Group, and none of the parties have clarified whether the subject contract entitled Defendant to attorneys' fees and costs from only Ziegel or Legacy Group as well. As a result, the Court will treat the counterclaim as only a claim against Ziegel.

[2] Ziegel also argues that the supplemental affirmation submitted by Defendant's counsel, correcting the mistaken references to North American's subsidiary, evidences that one of the affirmations includes misstatements of fact. This argument is unpersuasive since counsel's reference in both affirmations is to its client, which appears to be both the parent company and its subsidiary.

Second, Ziegel argues that Defendant is not entitled to recover its fees since it has not produced the existence of a written retainer agreement or letter of engagement with Defendant, as required by New York law. The provision on which Ziegel relies upon states, "Effective March 4, 2002, an attorney who undertakes to represent a client and . . . charges or collects any fee from a client shall provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter . . . The letter of engagement shall . . . [explain the] attorney's fees to be charged, expenses and billing practices." 22 N.Y.C.R.R. § 1215.1(a). Although Plaintiff correctly notes that, if the representation began after March 4, 2002, Defendant's counsel was obligated to obtain a written retainer agreement from Defendant to collect its fees from the client, this issue is not pertinent to the matter currently before the Court. Courts holding that attorneys are precluded from recovering their fees for failing to provide their client with a retainer agreement, in contravention of 22 N.Y.C.R.R. § 1215.1, have done so in the context of a fee dispute between the attorneys and the client. *See, e.g., In re Holocaust Victim Assets Litig.*, No. CV 06-983, 2007 WL 805768, at *10 n.11 (E.D.N.Y. Mar. 10, 2007); *Chernis v. Swarzman*, No. 05 Civ. 3377, 2007 WL 2230078, at *8 (S.D.N.Y. Aug. 2, 2007); *see also Seth Rubenstein, P.C. v. Ganea*, 41 A.D.3d 54, 63-64, 833 N.Y.S.2d 566, 572-73 (App. Div., 2d Dep't 2007). That is not this case here. Defendant is not disputing the amount of fees it owes or has paid to its counsel. Rather Defendant, pursuant to the parties' contract, is seeking to recover from Ziegel the reasonable attorneys' fees it has paid to litigate this action. The mandate of 22 N.Y.C.R.R. § 1200.11 is not applicable to these facts. As such, Defendants have sufficiently shown that they are entitled to attorneys' fees and costs from Ziegel.

In support of its requested attorneys' fees and costs, Defendant has submitted a supplemental affirmation from its counsel, Richard J. Cohen, the managing partner of Goldberg Segalla LLP, which details the backgrounds of the individual attorneys who worked on this case and attaches the contemporaneous time records of the fees and the itemized costs incurred in this case by Defendant. Ziegel argues that Defendant's requested award should be reduced for various reasons, which the Court will now examine.

First, Ziegel contends that Defendant has not offered admissible evidence since it has only submitted computer generated bills, not originals, the original receipts for the costs incurred, or any cancelled checks indicating that Defendant actually paid its legal bills. Defendant's submissions are not inadequate since they include sworn statements regarding the nature of counsel's work, that Defendant has paid its legal bills, and contemporaneous time records. *See Nicholson v. Williams*, No. 00 CV 2229, 2004 WL 4780498, at *3 (E.D.N.Y. Apr. 5, 2004) (Report and Recommendation of Pollak, M.J.) (citing *New York State Ass'n For Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983)).

Second, Ziegel disputes the fact that seven people worked on this case since there were only three depositions and not much discovery. The Court does not consider this to be an excessive number of people since only three were attorneys and the others were two paralegals, a legal assistant, and a librarian. Moreover, if this case was in fact one of first impression, as Ziegel contends, counsel's decision to use seven individuals to conduct its representation of Defendant is not unreasonable.

Lastly, Ziegel argues that it should not be required to pay for the many conversations between Defendant and its counsel or certain costs incurred. Unfortunately, Ziegel has not offered

4

any legal support for his theory that these conversations should be excluded from an award of attorneys' fees. In fact, conversations between a client and its attorney are essential to adequate preparation to defend. As such, the Court will not exclude these conversations.

Notably, Ziegel does not contest Defendant's requested billing rates of counsel.[3] The Cohen Affirmation states that the attorneys working on the matter consisted of a partner, who billed at the hourly rate of $150.00 that subsequently increased to $170.00 after April 1, 2005, and two experienced attorneys, who, respectively, billed the hourly rates of $150.00 and $130.00. In addition, counsel's support staff are, on the whole, experienced and billed at the hourly rates of $75.00 and $80.00. Aside from the support staff members who billed at the hourly rates of $80.00, these billing rates are reasonable for this district. *See Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp.*, No. 07-CV-656, 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (finding that the prevailing rates in this district have ranged from $200-$375 per hour for partners, $200-$250 per hour for senior associates, $100-$150 per hour for junior associates and $75 per hour for paralegals) (citations omitted).

Ziegel also has not disputed the hours Defendant's counsel expended in this matter, other than his argument that he should not be required to pay for the conversations between Defendant and counsel, as noted above. Although Ziegel has largely not disputed the reasonableness of

---

[3] In the Second Circuit, attorneys' fees are determined according to the "lodestar" method, pursuant to which the reasonable number of hours spent is multiplied by a reasonable hourly rate. *I.B. v. New York City Dep't of Educ.*, 336 F.3d 79, 80 (2d Cir. 2003). The Supreme Court has instructed that hourly billing rates should be "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). It is well-established that the relevant community a district court should consider to determine the lodestar figure is normally "the district in which the court sits." *Reiter v. MTA New York City Transit Authority* 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

Defendant's legal fees, this Court has reviewed the time records. Given the length of the action, the complexity of the issues, the extent of discovery, and the limited motion practice, the Court finds counsel's expenditure of 389.50 hours reasonable. Thus, taking into account the excessive billing of some of counsel's support staff,[4] Defendants are entitled to recover $55,106.50 in attorneys' fees.

Ziegel also disputes some of Defendant's requested costs and disbursements. He first challenges Defendant's attempt to recover $944.25 of duplication expenses related to documents requested by and produced to Plaintiffs. Ziegel contends that he did not request the produced documents because he already had copies of the documents. The Court agrees that if Defendant incurred costs in duplicating and producing documents to Plaintiffs that they did not request, then the costs are unreasonable. The burden is on Defendant to show that its expenditure of these duplication costs was reasonable and since it has only claimed that Ziegel did request the documents, without any additional evidentiary support, the Court has no basis for awarding Defendant's this amount.

Ziegel also challenges the reasonableness of costs relating to airfare, hotels, and airport parking since counsel is located in White Plains and Long Island, New York. Such expenses could be reasonable if they were necessary for certain discovery tasks, but Defendants have not even attempted to explain why they incurred these expenses in connection with this case. Given this lack of explanation, Defendant cannot recover these costs. According to the Court's calculation, these costs total $1,512.70. Although Ziegel has not disputed any other costs submitted by Defendant, the Court has determined that the costs relating to online research, which total $127.19 are not

---

[4] After recalculating the support staff's billing at the reasonable rate of $75.00, the Court reduces Defendant's award by $20.00.

reasonable. *See King v. JCS Enterprises, Inc.*, 325 F. Supp. 2d 162, 171-72 (E.D.N.Y. 2004) ("[J]udges in the Eastern District uniformly disallow applications for electronic research costs."). Thus, Defendant is entitled to recover a total of $6,808.85.

## CONCLUSION

For the reasons set forth above, Defendant's motion is granted, as against plaintiff Samuel Ziegel, and it is awarded attorneys' fees in the amount of $55,106.50 and expenses in the amount of $6,808.85, for a total of $61,915.35.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge